[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action in four counts. Count One alleges an intentional assault. Count Two alleges negligent assault. Count Three and Four allege claims against a café and its permittee. Counts Three and Four were withdrawn. The instant hearing in damages proceeded as to Counts One and Two. The defendant, Richard Santiago, who had been defaulted for failure to appear, was not present. The facts are as follows:
On December 3, 1996, the plaintiff, Drew Johnson, with several friends arrived at the Cool Moose Café located at 270 Sisson Avenue in Hartford, Connecticut. The time of arrival was approximately 9:30 p. m. Shortly thereafter the plaintiff put quarters on the pool table located near the table where he and his friends were sitting. At that point the defendant, Richard Santiago approached the table and told the plaintiff that the pool table was his and to back off. The plaintiff left the quarters and returned to the table where his friends were. Some fifteen minutes later the defendant went over to where the plaintiff was seated and struck the plaintiff on the left side of his face. The plaintiff's head hit the bar rendering him unconscious. The police were called. Initially the plaintiff refused medical intervention but was persuaded by the police to get medical attention. An ambulance transported him to St. Francis Hospital where he remained in the emergency room for several hours. No x-rays were taken. At the time he experienced pain in his jaw but because he was under the influence of alcohol was not feeling as much pain. The side of his face was blown up. He had a lip laceration and head abrasion. The lip was sutured. His bloodied face was cleaned up and he was subsequently released. His friend drove him home.
During the ride home the plaintiff again lost consciousness. Once home he went straight to bed. In the days that followed he was confined home spending much of his time in bed. The whole side of his face was still swollen and he was in a great deal of discomfort. After experiencing no relief he went to Willimantic Hospital where x-rays revealed his jaw was broken. He was referred to a specialist, Dr. Grippo, who advised him that his jaw was broken in two spots and required surgery. At that point the plaintiff called his parents in New York. CT Page 3784
The plaintiff was admitted to the University Hospital at Stonybrook, Laurel, New York on December 7, 1996. Surgery was performed by John Kelly, DMD-MD on December 8, 1996. He was discharged from the hospital on December 9, 1996. Plaintiff's jaw was wired and remained so for several weeks. During these weeks the plaintiff was in constant pain. He could not chew food. He ate through a straw. After seven weeks the bands were removed. X-rays showed the jaw healing. The wires were left in place for an additional one and one-half weeks. The pain was subsiding but still there. Tightness in his jaw and swelling continued for three additional weeks. Currently there is some cracking, still some tenderness and, if he bites down hard, he experiences an ache. One of his wisdom teeth had to be removed. The plaintiff has ongoing concern about engaging in activities which might cause reinjury of his jaw.
Medical bills total $10,442.18. These are not covered by insurance. Plaintiff was not employed at the time of the assault. No evidence was presented as to lost wages or impaired capacity and the Court finds none. The plaintiff is age twenty-two and has a life expectancy of 51.4 years.
The Court concludes that the plaintiff has proven his damages by a fair preponderance of the evidence. Economic damages are found in the amount of $10,442.18. Non-economic damages are awarded in the amount of $35,000.
Judgment may enter in favor of the plaintiff, Drew Johnson against the defendant, Richard Santiago, in the amount of $45,442.18.
Hennessey, J.